# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JASON VENTURE NELSON,

        Plaintiff,

v.                                             Case No. 3:24-cv-370-TJC-MCR

DR. DAVID RYAN, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

### I.   Status

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) in the United States District Court for the Northern District of Florida. The Northern District transferred the case to the Orlando Division of this Court (Doc. 3). On March 11, 2024, the Court found that Plaintiff failed to sufficiently set forth his allegations and dismissed the Complaint with leave to amend (Doc. 7). After being granted additional time to comply, Plaintiff filed an Amended Complaint (Doc. 19) and a request to proceed as a pauper (Doc. 20). After reviewing the Amended Complaint, the Court transferred the case to the Jacksonville Division.

In the Amended Complaint, Plaintiff names three defendants: (1) Dr. David Ryan; (2) Dr. Ronald M. Winters; and (3) U.S. Med Corp. Inc. See Doc. 19

at 2-3. According to Plaintiff, Dr. Ryan told him on March 10, 2023, that his surgery would take place in six weeks, but the surgery did not occur until July 21, 2023. Id. at 4. On that date, either Dr. Ryan or Dr. Winters performed surgery on Plaintiff's left foot, but the surgery was not done correctly. See id. at 8-9. Specifically, "the operating ortho failed to re-break Plaintiff's first metacarpsal [sic] bone in his foot, instead inserted plates, rods, and screws instead of re-aligning the bone first. Ortho also cut off the protruding bone and/or grinded it off." Id. at 6 (capitalization omitted). After the surgery, Plaintiff was immediately returned to Lancaster Correctional Institution, where the medical staff denied him the narcotic pain medicine ordered by Dr. Ryan. Id. A nurse practitioner employed by Centurion advised Plaintiff that he had a bone infection, and he was sent to the Reception and Medical Center (RMC) for assessment. See id. at 4-5. The doctor at RMC, however, confirmed that Plaintiff did not have a bone infection. Id. at 5.

Plaintiff claims that the surgeon (either Defendant Ryan or Defendant Winters) was deliberately indifferent to his serious medical need and caused him "more pain and suffering." Id. at 6. He concludes that "[a]ll of these actions portray an official policy or custom resulting in an 8th Amendment claim." Id. at 7 (capitalization omitted). As relief, he requests a second surgery to fix his foot, all his medical bills be paid for, and $250,000 in damages. Id. at 9.

2

## II. Analysis

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

4

The Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

To prevail on a deliberate indifference claim, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009).

> "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). To meet the first prong, the plaintiff must

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

> demonstrate an "objectively serious medical need"—i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and, in either instance, "one that, if left unattended, poses a substantial risk of serious harm." Id. (alteration adopted) (quotations omitted). To satisfy the second, subjective prong, the plaintiff must prove that the prison officials "acted with deliberate indifference to [his serious medical] need." Harper v. Lawrence Cnty., 592 F.3d 1227, 1234 (11th Cir. 2010) (quotation omitted). "To establish deliberate indifference," a plaintiff must demonstrate that the prison officials "(1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." Id. (quotation omitted). An inmate-plaintiff bears the burden to establish both prongs. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).

Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (footnote omitted); see Ireland v. Prummell, 53 F.4th 1274, 1287 & n.5 (11th Cir. 2022). Importantly, for allegedly inadequate medical treatment to rise to the level of a constitutional violation, the care must be "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Id. at 1271 (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference . . . as can a doctor's decision to take an easier and less efficacious course of treatment" or a doctor's failure to respond to a known medical problem (citations omitted)).

6

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

7

Plaintiff's allegations, even liberally construed, fail to state a deliberate indifference claim against any Defendant. First, regardless of which doctor performed Plaintiff's surgery, the fact that Plaintiff believes the surgeon did not do so properly is insufficient to state a deliberate indifference claim. Indeed, deliberate indifference is a much higher standard than medical malpractice or negligence. Plaintiff's allegations fail to even suggest that the surgeon knew of a risk of serious harm and he disregarded that risk by conduct that is more than gross negligence.

Second, Plaintiff fails to include any facts regarding U.S. Med Corp. Inc. Plaintiff does not explain how that company is related to the alleged violation of his constitutional rights. And even assuming that company employs the individual doctor Defendants, Plaintiff's statement that their actions "portray an official policy or custom" is entirely conclusory and insufficient to state a claim.

Plaintiff was already afforded a chance to amend his claims, and his Amended Complaint still fails to state a claim against any named Defendant. Because further amendment would be futile, the Court finds this case is due to be dismissed. Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of July, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/15
c:
Jason Venture Nelson, #K54803

9